Filed 8/31/20  P. v. Beaudreaux CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS BEAUDREAUX,<br><br>Defendant and Appellant. | A159751<br><br>(Alameda County<br>Super. Ct. No. 160022B) |

Nicholas Beaudreaux appeals an order denying his petition for resentencing under Penal Code[1] section 1170.95.  He argues that, in determining whether he made a prima facie showing of entitlement to a resentencing hearing under section 1170.95, the trial court improperly took judicial notice of facts set forth in the appellate opinion affirming the underlying conviction and denied him a hearing before denying his petition.  We disagree and will affirm the order.

**I.**

Beaudreaux was originally convicted in 2009 of first degree murder (§ 187) and attempted second degree robbery (§§ 211, 664).  As pertinent here, the jury found true the allegation charged with the murder count that

_____

[1] All subsequent statutory references are to the Penal Code.

1

Beaudreaux personally and intentionally discharged a firearm inflicting great bodily injury causing death in violation of section 12022.53, subdivision (d). He received an aggregate sentence of 50-years-to-life imprisonment. This court affirmed the judgment of conviction. (*People v. Beaudreaux* (Jul. 21, 2011, A126140 [nonpub. opn.].).)

In his second trip to this court in this case, Beaudreaux seeks review of the denial of his petition for resentencing pursuant to section 1170.95, which provides for the resentencing of individuals convicted of murder under a felony-murder or natural and probable consequences theory if they could no longer be convicted of murder under recent amendments to sections 188 and 189, effective January 1, 2019. (Sen. Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).) Those amendments require that all principals to murder must act with express or implied malice to be convicted of that crime. The amendments also require, for a felony-murder theory to lie, that defendants who were not the actual killer or a direct aider and abettor must have been a major participant in the underlying felony and acted with reckless indifference to human life.

Here, the trial court, based on the record of conviction—including facts stated in our opinion affirming the conviction and sentence, as well as its own court file—ruled that Beaudreaux's jury determined he was the actual killer. The court thus concluded that Beaudreaux's resentencing petition failed to set forth a prima facie case for relief and dismissed it. He now asks that we reverse and remand to the trial court with directions that it conduct an evidentiary hearing and decide the petition on the merits.

The appeal presents two arguments. First, Beaudreaux contends that, in deciding whether his resentencing petition established a prima facie case, the trial court erred by relying on this court's unpublished opinion affirming

his conviction. Second, he makes the related arguments that "the trial court was not authorized to make that factual determination, without first holding a hearing in which both parties could present new evidence and the prosecution would bear the burden of proof, beyond a reasonable doubt, that [he] was not entitled to resentencing."

## II.

In 2018, the Legislature passed and the Governor signed Senate Bill 1437, which amended the felony-murder rule under sections 188 and 189 to exclude defendants that were either not the actual killer or were not a major participant in the underlying felony who acted with reckless indifference for human life. (See *People v. Martinez* (2019) 31 Cal.App.5th 719, 722–724.) The bill also added section 1170.95 to the Penal Code, which provides a mechanism for defendants who would not be convicted under the new rule to petition for resentencing. (*Martinez, supra,* at pp. 722–724.) A petitioner may be resentenced if: (1) a complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) the petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder, and (3) the petitioner could not be convicted of first or second degree murder because of changes to sections 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a); *Martinez, supra,* at p. 723.)

Beaudreaux's main assertion in this appeal is that, in evaluating the sufficiency of his prima facie case for entitlement to resentencing, the trial court erred by taking judicial notice of facts recited in our opinion affirming his conviction. We do not agree. Every appellate court to have addressed

3

this issue so far has held that an appellate opinion, as part of the record of conviction, may be relied upon in evaluating the sufficiency of a petitioner's prima facie showing under section 1170.95. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted March 18, 2020, S260598 [trial court may summarily deny petition without briefing or appointment of counsel if court file shows petitioner was convicted of murder without instruction or argument based on felony-murder rule or natural and probable consequences doctrine]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted March 18, 2020, S260493 [documents in court file or record of conviction should be available to trial court in connection with first prima facie determination under section 1170.95, subdivision (c)]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted March 18, 2020, S260410 [affirming summary denial of petition based on verdict, trial transcript, and prior appeal].) The issue is currently pending before the California Supreme Court in *Lewis*. We see no reason to depart from the holdings in *Lewis*, *Verdugo*, and *Cornelius*.

Relying on *Gilmore v. Superior Court* (1991) 230 Cal.App.3d 416, Beaudreaux takes the position that these cases were wrongly decided and contends the facts stated in an appellate opinion may not be judicially noticed to establish the truth that a crime was committed, but rather just for the existence of the opinion. (*Id.* at p. 418 ["It appears that the superior court took notice not only of the existence of that opinion and the result reached, but also relied upon our statement of the facts surrounding the homicide to establish the truth thereof. While an appellate opinion may be judicially noticed for the first purpose, it would ordinarily be error to use it for the latter purpose."].) But while that is the general rule, there is an exception where there is no material difference between the statement of facts cited in

4

the opinion and the facts in the trial court's record. (*Id.* at p. 419.) Whether the *Lewis* line of cases is ultimately embraced by the Supreme Court or not, the exception applies here because, as Beaudreaux acknowledges, the trial court relied on its own court file, which included the jury's verdict and the section 12022.53, subdivision (d) true finding. Thus, even assuming there was error, it was not prejudicial error.

Finally, Beaudreaux argues the trial court should have held a hearing before it made the factual decision regarding his failure to make a showing for relief. But this contention misapprehends the law. Nothing in section 1170.95 entitles a petitioner to a hearing before a prima facie showing of entitlement to relief is made. A hearing must be held only *after* a judge determines the petitioner's prima facie showing is sufficient. (§ 1170.95, subds. (c), (d)(1).) Prima facie sufficiency is therefore a threshold requirement for a hearing. Because Beaudreaux failed to make such a showing, he is not entitled to a hearing.

## III.  DISPOSITION

The trial court's order denying Beaudreaux's section 1170.95 resentencing petition is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

5